**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Chinedum Ndukwe, et al.** | : | |
| | : | |
| Plaintiffs, | : | Case No. |
| | : | |
| v. | : | Judge: |
| | : | |
| **James L. Walker, Jr., et al.** | : | Magistrate Judge: |
| | : | |
| Defendants | : | |

**NOTICE OF REMOVAL**

Defendant Cummings Law, LLP, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this action from the Court of Common Pleas, Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio Western Division (the "District Court"). In support of removal, Defendant states as follows.

1. Plaintiffs, Chinedum Ndukwe and Kingsley Consulting, LLC ("Plaintiffs"), filed this civil action on September 19, 2019, in the Court of Common Pleas, Hamilton County, Ohio, alleging claims for "extortion," "coercion," and intentional infliction of emotional distress. The state court action is styled *Chinedum Ndukwe, et al. v. James L. Walker, Jr., et al.*, Case No. A 1904437.

2. In their original complaint, Plaintiffs named five defendants, two of which were sued under their true names and three of which were sued under fictitious names, to wit: James L. Walker, Jr., J. Walker & Associates, L.L.C., John Doe, Jane Doe, and Attorney Doe.

3. This action was removed to this court on October 21, 2019 by Defendant James. L. Walker, on the basis of diversity of citizenship, and was assigned case no. 1:19-cv-888. The previously removed case was assigned to Judge Michael R. Barrett, and was subsequently

transferred to Judge Timothy S. Black and then to Judge Matthew W. McFarland. On June 12, 2020, it was remanded to the Court of Common Pleas, Hamilton County, Ohio. (See Doc. 18 (case no. 1:19-cv-00888)).

4. On September 22, 2020, Plaintiffs filed an amended complaint in the state court action adding Cummings Law, LLP as a new Defendant, substituting Theodore P. Cummings in place of Defendant Attorney Doe, removing one of their original causes of action (intentional infliction of emotional distress), and adding several new causes of action. Plaintiffs' amended complaint, the operative pleading at the time of this notice of removal, alleges claims against all Defendants, "jointly and severally," for "extortion" (count one), "coercion" (count two), defamation/libel (count three), false light invasion of privacy (count four), and civil conspiracy (count five).

5. With respect to Plaintiffs' original complaint, the docket reflects that John Doe was served on September 19, 2019; Jane Doe was served on September 25, 2019; and Attorney Doe (now named as Theodore P. Cummings) was served on September 24, 2019; J. Walker & Associates, L.L.C was served on September 30, 2019; and James L. Walker, Jr. was served on September 30, 2019. All of these parties were served with Plaintiffs' amended complaint on September 22, 2020 by service upon the undersigned, their counsel of record in the state court action.

6. Defendant Cummings Law, LLP has not yet been served in accordance with the pertinent provisions of the Ohio Rules of Civil Procedure.

7. Defendant Cummings Law, LLP has not filed any responsive pleadings or motions in the state court case. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings,

and orders from the state court action are attached hereto as Exhibit A. Additionally, a Civil Cover Sheet and Supplemental Civil Cover Sheet are being filed along with this notice of removal.

8. This removal is timely under 28 U.S.C. §§ 1446(b)(2)(B). Defendant Cummings Law, LLP has not yet been served with process in this case, and even if it were considered to have been properly served on September 22, 2020, the date that Plaintiffs' amended complaint naming it as a Defendant was filed, the date of filing of this notice of removal would be within 30 days of that date.

9. The District Court is the proper venue for removal under 28 U.S.C. § 1441(a) because the District Court encompasses Hamilton County, Ohio pursuant to 28 U.S.C. § 115(b)(2).

10. Jurisdiction in this case is proper in the District Court, and this action is removable, under 28 U.S.C. § 1331 as involving a substantial federal question. *See Nayyar v. Mt. Carmel Health Sys.*, No. 2:12cv189, 2012 WL 3929830, at *2 (S.D. Ohio Sept. 10, 2012) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc)).

While Plaintiffs have artfully drafted their amended complaint so as to avoid explicitly citing to a federal statute as the basis for their civil conspiracy claim (count five), it is clear that this claim necessarily raises a disputed federal question. This Court's decision in *H.R. ex rel. Reuter v. Medtronic, Inc.* is illustrative. 996 F.Supp.2d 671, 680 (S.D. Ohio 2014). In that case, the court explained that it would "be required to decide as a threshold question whether [the] defendants violated federal law" in order to decide the plaintiffs' state law claims, the case "present[ed] a substantial federal question." Id. (citing *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, No. 12–C–154, 2012 WL 1424731, at *5 (E.D. Wis. 2012) (substantial federal question existed where, "[a]lthough the elements of the claims asserted by the plaintiffs are governed by state law, the threshold issues that will determine liability require the interpretation

of federal statutes and regulations")); see also *Jenkins v. Medtronic, Inc.*, 984 F.Supp.2d 873, 878 (W.D. Tenn. 2013).

The same reasoning applies to Plaintiffs' civil conspiracy claim in this case. At the heart of their amended complaint is Plaintiffs' allegation that certain conduct by Walker and Cummings – namely "false statements and/or direct threats and/or threat[s] by innuendo…[made with the intention to] extort $10,000,000.00 or a substantial seven (7) figure monetary payment from Plaintiffs" – constitutes "criminal and civil extortion as a matter of law." Plaintiffs argue in paragraph 87 that this conduct "is criminal and civil extortion as a matter of law," without clarifying to what specific law they are referring. In paragraph 91, Plaintiffs argue that this alleged conduct violates Ohio Rev. Code § 2905.11(A)(1), (4), and (5) (Ohio's extortion law). Plaintiffs further allege that Jane & John Doe "retained[], communicated with and/or authorized" Walker and Cummings to undertake said acts, and accordingly, Plaintiffs seek to hold them liable for the same on an agency or vicarious liability theory, but they do not allege any acts by either of the Does that would, in and of themselves, constitute extortion.

On these allegations, Plaintiffs' lodge a claim against all Defendants under Ohio Rev. Code § 2307.60(A)(1), which authorizes a civil action to seek redress for damages caused by a criminal act. Plaintiffs also lodge a civil conspiracy claim against all Defendants. In that claim, Plaintiffs allege that "Defendants entered into [a] malicious combination with the understanding, intention and/or design to commit the underlying tortious act[] of extortion[.]" Unlike in their extortion claim, Plaintiffs carefully avoid making any reference at all to the underlying extortion law they accuse the Defendants of having violated. An examination of Plaintiffs' factual allegations, the interplay between Ohio Rev. Code § 2307.60(A)(1) and Ohio and federal criminal laws governing extortion, and the federal criminal complaint against embattled attorney Michael Avenatti (upon

which Plaintiffs rely heavily), demonstrate that Plaintiffs' civil conspiracy claim artfully sets forth a claim under federal law, under the guise of Ohio Rev. Code § 2307.60(A)(1), and further, that in order to succeed on this claim, Plaintiffs would necessarily have to establish that Defendants violated a federal law.

In the course of the litigation between the parties in Ohio state court, Plaintiffs have referenced the Avenatti complaint on multiple occasions, analogizing that case to Defendants' actions in allegedly attempting to extort Plaintiffs. Recently, Plaintiffs did so on the record. In a reply brief filed on September 28, 2020,[1] Plaintiffs' explicitly labeled Defendants' alleged conduct – threatening to go to the media, etc., unless Ndukwe paid ten million dollars – as "Avenatti-like threats." Michael Avenatti was federally charged was charged with Extortion and Conspiracy to Extort, under 18 U.S.C. § 875 and 18 U.S.C. § 1951.[2] Those statutes differ notably from Ohio's extortion statute. *Compare* Ohio Rev. Code § 2905.11(A). In support of their position, Plaintiffs also cite to the "leading case of *Flatley v. Mauro*[, 39 Cal. 4th 299, 139 P.3d 2 (2006)], [in which] the California Supreme Court considered a demand letter and phone conversation strikingly similar to those described herein and held that the 'letter and subsequent phone calls constitute criminal extortion as a matter of law.'" That case addressed extortion under *California* law, which – unlike Ohio's extortion law – substantially mirrors federal extortion law. *See* Cal. Penal Code § 518; *Id.*, at 326–28.

Further confirmation that Plaintiffs' civil conspiracy claim is premised upon federal law comes from the fact that Plaintiffs could not possibly have a viable claim for civil conspiracy *to*

---

[1] This argument appears on page 3 of Plaintiffs' reply in support of their motion to consolidate this matter with another case between some of the same parties which is currently pending in the Hamilton County Court of Common Pleas.

[2] See the Avenatti Complaint, attached as Exhibit B and also accessible at https://www.justice.gov/usao-sdny/press-release/file/1147451/download.

*commit extortion* under Ohio law on the facts alleged in their amended complaint. In order to establish an underlying tortious act that could serve as the basis for liability for civil conspiracy, Plaintiffs would have to demonstrate that Jane Doe and John Doe committed a criminal act, i.e., conspiracy to extort, in order to satisfy Ohio Rev. Code § 2307.60 – otherwise, there would be no criminal act upon which a recovery could lie. But Plaintiffs allege that only Walker and Cummings committed actual acts of extortion. As to their extortion claim, Plaintiffs seek to hold the Does jointly liable merely through some form of vicarious liability. But § 2307.60 only allows for recovery for criminal acts, and Ohio law does not recognize criminal liability for a conspiracy to commit extortion. Put another way, a conspiracy to extort is not a recognized crime under Ohio law. Rather, under Ohio criminal law, a person may only be convicted of conspiracy to commit the specifically enumerated crimes which are listed in subsection (A) of Ohio Rev. Code § 2923.01. Extortion is not included. *Id.*

Retaining, communication with or authorizing Walker and Cummings, therefore, would not be enough to establish extortion on the part of the Does. Accordingly, on the facts alleged, the Does could not have committed extortion and thus could not be held liable for civil conspiracy to commit extortion. Under Ohio law, any vicarious liability Plaintiffs wish to impose must be vicarious *criminal* liability, as opposed to vicarious civil liability, and Plaintiffs cannot make this showing on the facts alleged. By contrast, under federal criminal law, an individual *can* be charged with conspiracy to extort, and a criminal act entailing such a conspiracy could form the basis of a claim under Ohio Rev. Code § 2307.60. *See* 18 U.S.C. § 875; 18 U.S.C. § 1951. This is presumably why Plaintiffs decline to identify under what law the alleged extortion underlying their civil conspiracy claim occurred. Because Ohio law would not impose liability, they instead turn to federal extortion law. § 2307.60 only permits a civil recovery for *criminal* acts.

Thus, Plaintiffs' civil conspiracy claim is grounded in federal law and would necessarily require Plaintiffs to establish that Defendants committed a violation of federal law. Accordingly, this case presents a substantial federal question.

11. This case is, therefore, one that Defendant Cummings Law, LLP may remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to Plaintiffs' counsel and to the Court of Common Pleas, Hamilton County, Ohio.

13. In accordance with 28 U.S.C. §§ 1446(b)(2) and pursuant to the attached consent to removal, all properly joined and served Defendants in this action consent to removal.

14. No admission of fact, law or liability is intended by this Notice of Removal, and Defendant Cummings Law, LLP expressly reserves all defenses, affirmative defenses, and motions otherwise available to it. Defendant Cummings Law, LLP further reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Cummings Law, LLP removes this action from the Court of Common Pleas of Hamilton County, Ohio.

Respectfully submitted,

***/s/ Alexander J. Durst***

Alexander J. Durst 0089819
Attorney for Defendants
The Durst Law Firm
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Tel: (513) 621-4999
Fax: (513) 621-0200
Email: alex@durstlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served via electronic mail to Jeffrey T. Kenney, Esq., Melanie M. Lennon, Esq., John L. O'Shea, Esq., Jill T. O'Shea, Esq., Donald J. Rafferty, Esq., and R. Scott Crowell, III, Esq., counsel for Chinedum Ndukwe and Kingsley Consulting, LLC, at their addresses of record, on October 2, 2020.

***/s/ Alexander J. Durst***______________
Alexander J. Durst 0089819

**CONSENT TO REMOVAL**

Defendants James L. Walker, Jr., J. Walker & Associates, L.L.C., John Doe, Jane Doe, and Theodore P. Cummings, through their undersigned counsel, hereby consent to the removal of this action to this court by Defendant Cummings Law, LLP.

***/s/ Alexander J. Durst***

Alexander J. Durst 0089819
Attorney for Defendants
The Durst Law Firm
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Tel: (513) 621-4999
Fax: (513) 621-0200
Email: alex@durstlawfirm.com